ORIGINAL

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

THOMAS BENEDICT            5018-0
tbenedict@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorney for Defendants
JPMORGAN CHASE & CO. AND
CHASE BANK USA, N.A.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 17 2012

at 9 o'clock and 15 min. A.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STATE OF HAWAI'I, *EX. REL.* DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE & CO., CHASE BANK USA, N.A., and DOE DEFENDANTS 1-20,<br><br>Defendants. | CIVIL NO. CV12 00263 JMS KSC<br>(Other Civil Action)<br><br>NOTICE OF REMOVAL; EXHIBITS 1-8; DECLARATION OF MARC FINK; CERTIFICATE OF SERVICE<br><br>Trial:   Not Set |
|---|---|

NOTICE OF REMOVAL

Defendants JPMorgan Chase & Co. ("JPMorgan") and Chase Bank

USA, N.A. ("Chase") hereby notice removal of this civil action from the First

Circuit Court of the State of Hawai'i to the United States District Court for the

3836229.1

District of Hawaii. This Court has jurisdiction under 28 U.S.C. § 1331 and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In further support of this Notice of Removal, Defendants state as follows:

## PROCEDURAL HISTORY

1. On April 12, 2012, the State of Hawaiʻi, acting through David M. Louie, the Hawaiʻi Attorney General, filed this action in the First Judicial Circuit of the State of Hawaiʻi. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. The Attorney General served the Complaint on Defendants by mailing a copy of the Complaint, the Summons, and a motion to admit four out-of-state attorneys *pro hac vice* in this action to the Defendants' registered agents via certified mail. A true and correct copy of the Summons served on JPMorgan is attached hereto as Exhibit 2. A true and correct copy of the Summons served on Chase is attached hereto as Exhibit 3. A true and correct copy of the Affidavit of Service by Mail with respect to the summons served on JPMorgan, filed on April 30, 2012, is attached hereto as Exhibit 4. A true and correct copy of the Affidavit of Service by Mail with respect to the summons served on Chase, filed on April 30, 2012, is attached hereto as Exhibit 5. A true and correct copy of the Plaintiff State of Hawaii's Motion to Admit Richard Golomb, Kenneth J. Grunfeld,

Laura J. Baughman and J. Burton LeBlanc Pro Hac Vice is attached hereto as Exhibit 6. A true and correct copy of Plaintiff State of Hawaii's Motion to Consolidate Cases, filed on May 1, 2012, is attached hereto as Exhibit 7. A true and correct copy of the Amended Notice of Hearing of Plaintiff State of Hawaii's Motion to Admit Richard M. Golomb, Kenneth J. Grunfeld, Laura J. Baughman and J. Burton LeBlanc Pro Hac Vice, filed on May 8, 2012, is attached hereto as Exhibit 8.

    3. Exhibits 1-8 constitute all of the process, pleadings, and orders served on Defendants in this case, and are attached hereto pursuant to 28 U.S.C. § 1446(a).

    4. The Complaint is directed at Chase's payment protection plans and other plans sold to Chase credit card holders that allegedly are "marketed as ways for consumers to protect themselves from fraud or unauthorized charges, or to increase their financial security." Ex. 1, ¶ 15. Payment protection plans – also known as debt cancellation contracts and debt suspension agreements, *see* 12 C.F.R. Part 37 – are amendments to cardholder agreements that permit consumers to cancel or suspend their obligation to repay their credit card debt under circumstances including death, disability, or involuntary unemployment. *See* Ex. 1, ¶ 49. In exchange for these more favorable loan repayment terms, cardholders pay a monthly fee calculated as a percentage of the outstanding account balance on

their credit card account. *See id.* ¶ 60. The Attorney General alleges that Chase's payment protection plans are "essentially worthless," that Chase is unjustly enriched by the fees it charges for these plans, and that the plans are improperly marketed and administered.

## PARTIES

5.  The named plaintiff is the State of Hawai'i, acting through its Attorney General, David M. Louie. Ex. 1, ¶ 8. The Attorney General does not contend that the State has paid any of the fees at issue in the Complaint. Nor does the Attorney General contend that the State has been injured as a result of the conduct alleged in the Complaint. Rather, the Attorney General seeks relief based on alleged injuries to, and conduct affecting, the Hawai'i consumers that enrolled in, and paid fees for, the fee-based plans described in the Complaint. *See* Ex. 1, ¶¶ 1, 2, 85-88 & p. 22-23.

6.  JPMorgan is a bank holding company incorporated in the State of Delaware with its principal place of business in New York. *See* Ex. 1, ¶ 10; Fink Decl. ¶ 2. As a bank holding company, JPMorgan does not issue credit cards and had no involvement in the conduct alleged in the Complaint. Fink Decl. ¶ 2.

7.  Chase is a national banking association chartered under the National Bank Act. *See* Ex. 1, ¶ 11; Fink Decl. ¶ 3. Chase's main office is located

in Delaware. *See* Fink Decl. ¶ 3; http://www2.fdic.gov/idasp/confirmation_outside.asp?inCert1 =23702 (last viewed May 16, 2012).

8. The Complaint also names as Defendants Does 1-20, but the Complaint does not allege that any of these defendants are citizens of Hawai'i. *See* Ex. 1, ¶ 13.

9. The Complaint seeks relief for both the state and its citizens under H.R.S. § 480 and "any other authority" that may be applicable. Ex. 1, at 22-23.

## TIMELINESS OF REMOVAL

10. The Attorney General delivered summonses to JPMorgan and Chase by mailing the summonses to Defendants' registered agents in Delaware on April 16, 2012.

11. Defendants' registered agents received the summonses served in this action on April 17 and 18, 2012. *See* Ex. 4, ¶ 4; Ex. 5, ¶ 4.

12. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the *Federal Rules of Civil Procedure*. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-38 (1999) (time for removal runs from receipt of formal service of process, including a summons).

## BASIS FOR REMOVAL JURISDICTION

13.     There are at least two independent grounds for removal. First, the claims asserted by the Attorney General on behalf of Hawai'i citizens give rise to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Second, the complete preemption doctrine gives rise to jurisdiction under 28 U.S.C. § 1331. Under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over those claims, if any, that are not independently removable. Defendants also invoke all other grounds for removal that exist under applicable law.

### I.     Removal Based Upon the Class Action Fairness Act, 28 U.S.C. § 1332(d).

14.     This Court has jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

15.     CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class

action." 28 U.S.C. § 1332(d)(1)(B). This case qualifies as a class action removable under Section 1332(d)(1)(B) because the Attorney General asserts unfair or deceptive acts or practices ("UDAP") claims that, under Hawai'i law, are to be asserted in a class action.

16. The Complaint alleges violations of H.R.S. Section 480-2(a), which prohibits "unfair or deceptive acts or practices." See Ex. 1 ¶¶ 71-72, 81. The relief that the Complaint seeks for these alleged violations includes "restitution" to Hawai'i consumers of "monies obtained as a result of the UDAP violations." *Id.* at 23; *see also id.* at 22 (seeking "restitution" "for all consumers injured by Defendants' acts described in this Complaint"); *id.* ¶¶ 85-87 (alleging that defendants were unjustly enriched by the alleged violations of law described in the Complaint).

17. Hawai'i law specifies the means by which the Attorney General may seek restitution on behalf of Hawai'i consumers allegedly injured by UDAP violations: he may "bring a class action on behalf of consumers based on unfair or deceptive acts or practices declared unlawful by section 480-2," H.R.S. § 480-14(b), and such class actions "shall be brought as parens patriae on behalf of natural persons residing in the State," *id.* The class action remedy provided by H.R.S. § 480-14(b) is the exclusive means by which the Attorney General may seek relief on behalf of consumers for violations of section 480-2. *See, e.g.,* 2A

Sutherland Statutes & Statutory Construction § 47:23 (7th ed.) ("[T]he method prescribed in a statute for enforcing the rights provided in it is ... presumed to be exclusive.").

18. The term "class action" as used in § 480-14(b) refers to "the definition as provided in rule 23 of the Hawaii rules of civil procedure." H.R.S. § 480-1. Accordingly, the Attorney General's request for "restitution" of "monies obtained as a result of the [alleged] UDAP violations" arises under "rule 23 of the Federal Rules of Civil Procedure or similar State statute ... authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

19. The Ninth Circuit's decisions in *Washington v. Chimei Innolux Corp.*, 659 F.3d 842 (9th Cir. 2011), and *Nevada v. Bank of America Corp.*, 672 F.3d 661 (9th Cir. 2012), are not to the contrary. Those decisions are inapplicable because they did not address state statutes which provide that the means by which a state attorney general may seek relief on behalf of state citizens is through a class action, as H.R.S. § 480-14(b) does here.

20. The Attorney General's choice of counsel further confirms that these actions are appropriately viewed as class actions. This case is being litigated by attorneys from the law firms of Baron & Budd, P.C.; Cronin, Fried, Sekiya, Kekina & Fairbanks; and Golomb & Honik, P.C., well-known class action

plaintiffs' firms. Not a single employee of the Attorney General's office is a signatory to the Complaint. Some of the same firms have filed similar "payment protection" class actions in federal courts around the country.

21. The minimal diversity requirement of 28 U.S.C. § 1332(d) is satisfied because (a) the attorney general seeks relief on behalf of a class of Hawai'i consumers, and (b) neither of the defendants is a citizen of Hawai'i. Defendants are not incorporated in Hawai'i and do not have their main offices or principal places of business here. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (national bank is "located" for diversity purposes where it has its main office).

22. CAFA's numerosity and amount in controversy requirements are satisfied as well. The Attorney General brings this action on behalf of Hawai'i citizens who were billed for payment protection and other optional plans and seeks recovery of all payment protection fees and other fees paid by these consumers. *See* Ex. 1, at 22-23. According to Chase's records, there are more than 100 Hawai'i residents who fit that description, and the payment protection fees charged to this class of consumers exceeds $5,000,000. *See* Fink Decl. ¶ 4. CAFA's numerosity and amount in controversy requirements are therefore satisfied. *See* 28 U.S.C. 1332(d)(2), (d)(5)(B), and (d)(6).

23. As an independent ground for removal, this case is removable as a "mass action" because the "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). Here, more than 100 Hawai'i citizens are among the real parties in interest in the action, and under the allegations of the Complaint, the aggregate amount in controversy on the claims asserted on their behalf exceeds $5,000,000.[1]

24. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.

25. The recitation of the allegations and requests for relief above is not a concession that the Attorney General's allegations or legal theories have merit. Defendants reserve the right to assert all applicable defenses in this matter.

## II. Removal Based Upon Federal Question Jurisdiction, 28 U.S.C. § 1331.

26. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28

---

[1] Although the Ninth Circuit in *Nevada v. Bank of America*, 672 F.3d 661, 671-72 (9th Cir. 2012) arguably reached a different conclusion regarding the "mass action" question, that case involved a different statutory scheme. The Ninth Circuit's decision also conflicts with the Fifth Circuit's decision in *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 430 (5th Cir. 2008). While *Bank of America* is controlling in this circuit, the time for filing a petition for a writ of certiorari to resolve the conflict between *Allstate* and *Bank of America* has not run.

U.S.C. § 1331. Under the well-pleaded complaint rule, a claim ordinarily arises under federal law only when a federal question is presented on the face of the complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, the Attorney General's Complaint can be removed because it falls under the "complete preemption" exception to the well-pleaded complaint rule. As described below, the Complaint includes allegations that are completely preempted by federal law because (a) the Complaint challenges the amount of the fees that Chase charges for its payment protection plans, (b) these fees are a form of "interest" within the meaning of the National Bank Act, and (c) state-law challenges to the amount of interest charged by a National Bank Act are completely preempted and arise under federal law.

27. The complete preemption doctrine is an exception to the well-pleaded complaint rule that allows for the removal of cases in which the "preemptive force of federal law is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393.

28. In *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003), the Supreme Court held that certain state-law claims against a national bank were completely preempted by the National Bank Act. The Act specifies the amount of "interest" that a national bank may charge. *See* 12 U.S.C. § 85. The Act also

provides the exclusive remedy for violations of 12 U.S.C. § 85. *See id.* § 86. In *Beneficial*, the Supreme Court held that a state-law usury claim directed at a national bank "arises under" federal law, and therefore is removable, even if the plaintiff purports to sue under state law. 539 U.S. at 8.

29.   The term "interest" as used in the National Bank Act includes "any payment compensating a creditor or prospective creditor for an extension of credit, making available a line of credit, or any default or breach by a borrower of a condition upon which credit was extended." 12 C.F.R. § 7.4001(a). This definition includes not only numerical periodic interest rates, but also "late fees, not sufficient funds [] fees, overlimit fees, annual fees, cash advance fees, and membership fees." *Smiley v. Citibank (S.D.), N.A.*, 517 U.S. 735, 740 (1996); *see also* 12 C.F.R. § 7.4001(a) (defining "interest" for Section 85 purposes as including "numerical periodic rates, late fees, insufficient funds fees, overlimit fees, annual fees, cash advance fees, and membership fees").

30.   The fees charged for payment protection plans are "interest" within the meaning of the National Bank Act. A payment protection plan is an optional amendment to the terms of a cardholder's credit card loan agreement with Chase. Fink Decl. ¶¶ 5-6. Under these amendments, the bank extends additional credit or more favorable credit terms to the cardholder, and the cardholder pays fees to the bank for this additional extension of credit. *Id.* These fees are

calculated as a percentage of the cardholder's credit card loan balance, *i.e.*, they are calculated in the form of a numerical periodic interest rate. *See id.* ¶ 6; *see also* Ex. 1, ¶¶ 47-48, 58. Payment protection fees are therefore "interest" as that term is defined for purposes of the National Bank Act. *See* 12 C.F.R. § 7.4001(a).[2]

        31.    Although the Complaint contains a number of allegations that do not challenge the amount of interest that Chase charges for its payment protection plans, other allegations *do* challenge the amount of interest charged for the plans. For example, the Complaint alleges that Chase was unjustly enriched by the payment protection fees it collected because, among other things, its payment protection plans "have limited or no value," are "essentially worthless," are "virtually worthless," and provide "virtually no benefits to Hawaii residents who are nevertheless charged for these products month in and month out," allegedly resulting in substantial profits for Chase. Ex. 1, at ¶¶ 51, 66, 67, 69, 85-88. Allegations that Chase is unjustly enriched by lucrative fees that it "nevertheless charged" for "worthless" payment protection plans seek to impose liability on Chase based on the amount of the fees it collected. Indeed, the unjust enrichment

---

[2] Although the court in *West Virginia ex rel. McGraw v. JPMorgan Chase & Co.*, __ F. Supp. 2d __, 2012 WL 414560 (S.D. W. Va. Feb. 10, 2012) reached a different conclusion as to whether payment protection fees are "interest," Defendants respectfully submit that the court's conclusion on that question was erroneous and was founded on a misunderstanding of the nature and operation of Chase's payment protection plans.

allegations *necessarily* challenge the amount of Chase's fees because if the fees were commensurate with the value of the benefits provided to consumers, Chase could not have been unjustly enriched. Put differently, the Attorney General must prove that Chase's fees were excessive as compared to the value of the benefits it delivered in order to prevail on his unjust enrichment claim.

33. The Complaint also objects to Chase's practice of collecting ordinary interest based on the fees charged for payment protection and other ancillary plans. After setting forth the manner in which Chase calculates payment protection fees, Ex. 1, ¶ 60, the Complaint contends that these fees "create[] a cycle of profitability, in that the fee itself increases subscribers' monthly credit balance[s]." *Id.* ¶ 61. According to the Complaint, by imposing charges that increase monthly credit balances, Chase is able to charge additional interest and impose additional payment protection fees. *Id.* These allegations and others seek to impose liability based on the amount of interest, over-the-limit fees, and payment protection fees earned by Chase, all of which are "interest" under the National Bank Act. *See id.* ¶¶ 19, 61.

33. Under the Supreme Court's decision in *Beneficial*, the National Bank Act provides the exclusive cause of action for challenges to the amount of interest charged for payment protection plans. The Complaint's state-law

challenges to the amount of these interest charges are therefore completely preempted.

34. The recitation of the Attorney General's allegations above is not a concession that the Attorney General's allegations or legal theories have merit. Defendants reserve the right to assert all applicable defenses in this matter.

### III. Supplemental Jurisdiction Under 28 U.S.C. § 1367.

35. This Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any claims that are not independently removable. *See* 28 U.S.C. § 1367(a).

## REMOVAL TO THE DISTRICT OF HAWAII IS PROPER

36. Removal to the District of Hawaii is proper because it is the district and division within which the state action is pending. *See* 28 U.S.C. § 1446(a).

## NOTICE TO STATE COURT AND PLAINTIFF

37. Counsel for JPMorgan and Chase certify that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the First Circuit Court of the State of Hawaiʻi and served upon counsel for Plaintiff promptly.


WHEREFORE, the case now pending in the First Circuit Court of the State of Hawai'i, Civ. No. 12-1-0985-04, is hereby removed to the United States District Court for the District of Hawaii, pursuant to 28 U.S.C. §§ 1441, 1453.

Dated: Honolulu, Hawai'i, May 17, 2012.

_/s/ Thomas Benedict_
THOMAS BENEDICT

Attorneys for Defendants
JPMORGAN CHASE & CO. and
CHASE BANK USA, N.A.