# IN THE CIRCUIT COURT OF MASON COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA, *ex rel.* DARRELL V. MCGRAW, JR. ATTORNEY GENERAL,

Plaintiff,

v.

JP MORGAN CHASE & CO. and CHASE BANK USA, N.A.,

Defendants.

Case No. 11-C-094-N

Hon. David W. Nibert

---

STATE OF WEST VIRGINIA, *ex rel.* DARRELL V. MCGRAW, JR. ATTORNEY GENERAL,

Plaintiff,

v.

BANK OF AMERICA CORPORATION and FIA CARD SERVICES, N.A.

Defendants.

Case No. 11-C-087-N

Hon. David W. Nibert

---

STATE OF WEST VIRGINIA, *ex rel.* DARRELL V. MCGRAW, JR. ATTORNEY GENERAL,

Plaintiff,

v.

CITIGROUP INC. and CITIBANK, N.A.

Defendants.

Case No. 11-C-089-N

Hon. David W. Nibert

**Exhibit B**

| | |
|---|---|
| STATE OF WEST VIRGINIA, *ex rel.* DARRELL V. MCGRAW, JR. ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>v.<br><br>WORLD FINANCIAL NETWORK NATIONAL BANK, et al.<br><br>Defendants. | Case No. 11-C-092-N<br><br>Hon. David W. Nibert |
| STATE OF WEST VIRGINIA, *ex rel.* DARRELL V. MCGRAW, JR. ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK NEVADA, N.A. and HSBC CARD SERVICES, INC.,<br><br>Defendants. | Case No. 11-C-093-N<br><br>Hon. David W. Nibert |

## PROPOSED ORDER DENYING NATIONAL BANK DEFENDANTS' JOINT MOTION TO DISMISS

On July 16, 2012, Defendants Bank of America Corp. and FIA Card Services, N.A.; Chase Bank USA, N.A. and JPMorgan Chase & Co.; Citibank, N.A. and Citigroup Inc.; World Financial Network National Bank; and, HSBC Bank Nevada, N.A. and HSBC Card Services, Inc. (collectively "Defendants") and the State of West Virginia, *ex rel.* Darrel V. McGraw, Jr., Attorney General ("Attorney General"), appeared, by counsel, for a hearing on the National Bank Defendants' Joint Motion to Dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Having read and considered the National Bank Defendants' Joint Motion to Dismiss, Defendants' Memorandum of Law in Support, the State of West Virginia's Response in

1

Opposition to National Bank Defendants' Joint Motion to Dismiss and Memorandum of Law in Support, the materials filed by the parties in support of the moving and the opposition papers, relevant portions of the record and pertinent legal authorities, and having heard and considered the argument of counsel during the hearing on this matter, the Court does find, and hereby adjudicates, that for reasons deemed sufficient by the Court, the National Bank Defendants' Joint Motion to Dismiss should be, and hereby is, **DENIED**.

## I. FINDINGS OF FACT

1. On August 16, 2011, the Attorney General instituted these actions against the Defendants.

2. Defendants Chase Bank USA, N.A., Citibank, N.A., FIA Card Services, N.A., and HSBC Bank Nevada, N.A. are national banks, governed by the National Bank Act, 12 U.S.C. §§ 21 *et seq.* World Financial Network Bank has pled that it was a national bank until August 2011. Other Defendants are affiliates of the national banks.

3. The Complaints purport to state a variety of claims alleged to arise under the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 *et seq.* ("WVCCPA" or "the Act"). All of the asserted claims arise from Defendants' credit card business, specifically, the sale of service plan products ancillary to the credit cards. The Complaints group the claims into three "Counts," as follows:

   a. Claims for unfair or deceptive acts or practices alleged to violate the WVCCPA (Count I);

   b. Claims that the sales of "Payment Protection Plans" and other ancillary services enforced unconscionable terms and provisions and that the Defendants engaged in unconscionable conduct, also in violation of the WVCCPA (Count II); and,

   c. Claims that the Defendants collected excess charges under the WVCCPA (Count III).

4. In Count I, the Attorney General alleges that the Defendants' conduct in selling service plans ancillary to credit cards violates Article 6 of the Act, General Consumer Protection, specifically including W. Va. Code § 46A-6-104. In Count II, the Attorney General invokes his

authority to maintain an action for unconscionable conduct pursuant to W. Va. Code § 46A-7-109 and § 46A-7-111(2), and to seek civil penalties. In Count III, the Attorney General alleges that the Defendants collected excess charges under W. Va. Code § 46A-7-111(1). The Attorney General seeks injunctive relief, declaratory relief, equitable relief including restitution and disgorgement, recovery of excess charges and civil penalties, investigative costs, attorneys' fees, and interest.

5. Each of the Defendants is identified in the Complaints as being complicit in the credit card scheme. With regard to four Defendants who characterize themselves as "Holding Company Defendants", the Plaintiff has plead:

   a. HSBC Card Services, Inc. is identified as "the U.S. consumer credit card segment of HSBC," with HSBC Bank Nevada, N.A. and HSBC Card Services, Inc. marketing itself as "the world's local bank." (HSBC Compl. in 11-C-93-N, p. 3 ¶¶11, 12);

   b. Bank of America Corporation is the entity for whom its co-defendant FIA Card Services, N.A. administers the credit card program (BOA Compl. in 11-C-087-N, p. 3 ¶11);

   c. JPMorgan Chase & Co., acting together with co-Defendant Chase Bank USA, N.A., operates a financial service empire "with over $2 trillion in assets, $1 trillion in deposits, $115.6 billion in annual revenue in 2010, and $11.7 billion in profit." (Chase Compl. in 11-C-094-N, p. 4 ¶12); and,

   d. The Complaint against Citigroup Inc. and Citibank, N.A. explains that "Citibank, N.A. is a subsidiary of Citicorp, which in turn is a subsidiary of Citigroup Inc.", that the companies constitute "one of the largest banks in the United States and in the world," and quotes an excerpt from www.Citigroup.com which describes the "more than 150 million accounts" of Citi Cards as "the largest consumer business within Citi." (Citi Compl. in 11-C-89-N, pp. 3-4 ¶¶11-12).

6. Defendants removed this action to the United States District Court for the Southern District of West Virginia beginning on September 30, 2011, on grounds of complete preemption, substantial federal question, and Class Action Fairness Act jurisdiction.

7. The United States District Court, the Honorable Robert C. Chambers presiding, remanded the actions to this Court, by order dated February 10, 2012. Judge Chambers ruled that the payment protection "plans are not payments compensating a creditor for extension of credit, but rather a separate charge for a separate service." *West Virginia ex rel. McGraw v. JPMorgan Chase & Co.*, No. 3:11-0683, 2012 U.S. Dist. LEXIS 16403, **14-15 (S.D. W. Va. Feb. 10, 2012). Judge Chambers rejected the Defendants' complete preemption argument, found that the federal judiciary does not have substantial federal question jurisdiction to resolve Defendants' non-complete preemption arguments, and determined that the Defendants' Class Action Fairness Act arguments were contrary to controlling precedent.

8. Defendants filed a joint motion to dismiss in this Court on March 26, 2012, alleging that claims against the national banks are preempted and that the pleadings fail to state a claim against four Defendants. Broadly stated, the national bank Defendants make three arguments in support of their assertion that the WVCCPA is preempted. First, Defendants argue that, contrary to the usual presumption against preemption, there is a strong presumption in favor of preemption. Second, Defendants argue that applying this presumption, the WVCCPA claims are preempted by the National Bank Act and federal regulations. Finally, Defendants argue that the Dodd-Frank Act does not change the preemption analysis.

9. The remaining Defendants argue that they are only holding companies and as such should be dismissed for failure to state a claim.

## II. CONCLUSIONS OF LAW

### A. THE ATTORNEY GENERAL'S CLAIMS ARE NOT PREEMPTED BY THE NATIONAL BANK ACT.

1. The Defendants argue that federal law, specifically the National Bank Act (hereafter, "NBA"), preempt the Plaintiff's claims and therefore the Complaints should be dismissed. The Defendants assert that allegations in the Complaint involve regulation of debt cancellation contracts and debt suspension agreements, and that the Office of the Comptroller of the Currency (hereafter, "OCC") provides the primary oversight of these issues under federal law. The

4

Defendants' first argument, and the foundation for their legal analysis, is that a strong presumption in favor of preemption applies in this case. Defendants reason that the NBA and 12 C.F.R. Part 37 preempt the WVCCPA claims under express, field, and conflict preemption theories. Defendants argue that the Dodd-Frank Act, which went into effect on July 21, 2011 – before the Complaints were filed – does not change the preemption analysis.

### 1) Defendants' Arguments Rely on a Misstatement of the Fundamental Relationship Between State and Federal Law.

2. The Defendants and the Plaintiff disagree as to the overarching standard that controls the preemption analysis. The Defendants cite authority in support of the proposition that there is a strong presumption in favor of preemption. *See, e.g., Denton v. Dep't Stores Nat'l Bank*, No. C10-5830RBL, 2011 U.S. Dist. Lexis 84024, 2011 WL 3298890 (W.D. Wash. Aug. 1, 2011).

3. The Plaintiff replies that the opposite presumption, a presumption against preemption, is recognized in the precedent controlling here. *See, e.g., Harrison v. Skyline Corp.*, 224 W. Va. 505, 510, 686 S.E.2d 735, 740 (2009); *Chevy Chase Bank v. McCamant*, 204 W. Va. 295, 300, 512 S.E.2d 217, 222 (1998); *see also Wyeth v. Levine*, 555 U.S. 555, 565 & n.3 (2009). According to the Plaintiff, the Defendants' analysis is fatally defective for its reliance on dated authorities from other jurisdictions.

4. The Court rejects the Defendants' interpretation of the relevant Supreme Court precedent. Contrary to Defendants' argument, the Supreme Court did not state that "ordinarily" state law is preempted. Rather, the Supreme Court stated that ordinarily only "contrary" state law is preempted. *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 12 (2007) ("ordinarily preempting[] contrary state law") (quoting *Barnett Bank of Marion Cty., N.A. v. Nelson*, 517 U.S. 25, 32 (1996)); *see also Watters*, 550 U.S. at 32 (Stevens, J., dissenting) ("I do not understand the Court to reject" the presumption against preemption). Moreover, the Supreme Court in *Wyeth v.*

5

*Levine* applied the assumption that the historic police powers of the States were not superseded by federal law unless that was a clear and manifest purpose of Congress. 555 U.S. at 565 & n.3. This rule is controlling even in an area subject to a century of federal regulation, such as the drug labeling at issue in *Wyeth v. Levine*. *Id.* at 565 n.3.

5. Here, Defendants have not shown that the NBA or the Part 37 regulations are "contrary" to the WVCCPA. Defendants have not pointed to any statement in any federal law or regulation that contradicts any WVCCPA requirement. Therefore, the presumption upon which Defendants base their preemption analysis is in error. This Court follows the Supreme Court of Appeals of West Virginia's decision in *Chevy Chase Bank*. In rejecting a federally chartered savings bank's argument that the WVCCPA is preempted by federal banking regulations, the West Virginia Supreme Court applied "a strong presumption that Congress does not intend to preempt areas of traditional state regulation." *Chevy Chase Bank*, at 300, 512 S.E.2d at 222.

### 2) The WVCCPA Is a Law of General Applicability That Is Not Preempted by the NBA or Federal Regulation.

6. The Defendants cite various authorities in their memorandum in support of their motion indicating that state laws would conflict with federal laws, and, thus, be preempted where the application of a particular state law would prevent, condition, or significantly interfere with a national bank's exercise of its federally-authorized banking powers. *See, e.g., Barnett Bank, supra,* 517 U.S. at 33; *Watters, supra,* 550 U.S. at 13; *Denton, supra,* 2011 WL 3298890, at *5.

7. The Plaintiff replies to this argument, asserting that the WVCCPA is a law of general applicability, not directed at the authorized activity of a national bank, but, instead, requiring all businesses to refrain from unfair and deceptive acts or practices. The plaintiff further argues that state laws of general application do not impede a bank's ability to exercise its authorized powers. The Plaintiff asserts that laws of general applicability, such as the WVCCPA, do not conflict

6

with the national banks' exercise of federal powers, in that such state laws would hold a bank accountable, as they would for any other business, for violating the law. Plaintiff argues that if the Defendants are marketing and selling service plans to their credit card customers in West Virginia, then they cannot do so in an unfair, deceptive, and unconscionable manner defined as an illegal practice under our laws.

8. The Plaintiff argues that the United States Supreme Court has recently clarified this area of the law in *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 529, 129 S. Ct. 2710, 2717 (2009), wherein the Court, specifically assessing a case involving a state attorney general exercising powers under a state fair lending act against national banks, held that the OCC's regulation that purported to preempt states from prosecuting enforcement actions against national banks is not a reasonable interpretation of the NBA. The Supreme Court explained that the powers of state attorney generals to bring suit against national banks has been recognized since the 1920's. 557 U.S. at 527-28, 129 S. Ct. at 2717. "States ... have always enforced their general laws against national banks--and have enforced their banking-related laws against national banks for at least 85 years[.]" *Id.* at 534, 129 S. Ct. at 2720.

9. The Plaintiff notes that prior to *Cuomo*, the Supreme Court had recognized that general laws are not preempted by federal banking law. For example, the Supreme Court in *Watters* stated that, "Federally chartered banks are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or the general purposes of the NBA." 550 U.S. at 11.

10. The Plaintiff points to several cases from various jurisdictions in support of its argument against preemption. *See, e.g., Dixon v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 336, 360 (D. Mass. 2011) ("Congress could not have intended to deny all traditional state-law avenues of

7

recourse to consumers who are harmed by the unseemly conduct of lenders."); *Gutierrez v. Wells Fargo Bank, NA.*, 730 F. Supp. 2d 1080, 1131 (N.D. Cal. 2010) ("[t]here is a material difference between the bank's authority to establish overdraft fees . . versus bank practices aimed at multiplying the number of overdrafts during the posting process."); *Agustin v. PNC Fin. Servs. Group, Inc.*, 707 F. Supp. 2d 1080, 1097 (D. Haw. 2010) (UDAP claim not preempted under NBA; the "duty to disclose, and represent accurately, material information relating to a contract" is a "general duty applicable to any contract"); *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1313 (S.D. Fla. 2010) (state law regulations on overdraft fees were not preempted); *Poskin v. TD Banknorth, N.A.*, 687 F. Supp. 2d 530, 556 (W.D. Pa. 2009) (state consumer protection law was of "general applicability" and not preempted); *Young v. Wells Fargo & Co.*, 671 F. Supp. 2d 1006, 1022 (S.D. Iowa 2009) (state law claims that "Wells Fargo had a legal duty not to employ procedures designed to defraud borrowers by charging unreasonable fees" did not conflict with NBA or OCC regulations and therefore were not preempted); *Mwantembe v. TD Bank, N.A.*, 669 F. Supp. 2d 545, 554-55 (E.D. Pa. 2009) ("Because enforcing Pennsylvania's consumer protection laws will not interfere with the defendant banks' operation or otherwise unduly burden or impair their ability to engage in the business of marketing and selling of gift cards, and there is no conflict with federal law, there is no basis for invoking federal preemption."); *White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358 (N.D. Ga. 2008) (a claim under the Georgia Fair Business Practices Act that a bank engaged in unfair or deceptive business practices by manipulating the posting of transactions to an account in order to impose overdraft fees was not preempted); *O'Neal v. Capital One Auto Fin., Inc.*, No. 3:10-cv-40, 2011 U.S. Dist. LEXIS 112259, *13 (N.D. W. Va. Sept. 29, 2011) ("state consumer protection laws are not preempted."); *Baldanzi v. WFC Holdings Corp.*, No.

07cv9551, 2008 U.S. Dist. LEXIS 95727, **5-6, 2008 WL 4924987, *2 (S.D.N.Y. Nov. 14, 2008) ("In contrast to findings of federal preemption in cases involving specific state regulations that conflict with the NBA, causes of action sounding in contract, consumer protection statutes and tort have repeatedly been found by federal courts not to be preempted."); *Jefferson v. Chase Home Finance*, No. 06-6510, 2008 U.S. Dist. LEXIS 101031, 2008 WL 1883484 (N.D. Cal. Apr. 29, 2008) (holding that application of general consumer protection laws against a national bank to claim the bank misrepresented how it would apply prepayments was not preempted).

11. Specifically with regard to the Defendants' conflict preemption theory, the Court notes that under a conflict preemption analysis, the Court queries "whether or not the Federal and State Statutes are in 'irreconcilable conflict.'" *Barnett Bank, supra,* 517 U.S. at 31. Statutes are in conflict when it is impossible for a defendant to abide by both state and federal law, as for example if the federal law said, "you must sell insurance," while the state law said, "you may not." *See id.* The Plaintiff replies that the Defendants could have followed both state and federal law. As the Defendants fail to point to any conflict between the WVCCPA on the one hand and the NBA or Part 37 on the other hand, the Court agrees with the Plaintiff and does not find conflict preemption applicable here.

12. The Defendants further argue that federal law preempts the field. However, according to 12 U.S.C. § 25b(b)(4), "This title does not occupy the field in any area of State law." For this and other reasons identified in Plaintiff's opposition briefing, the Court rejects the Defendants' field preemption argument.

13. The Court has considered, and rejects, the Defendants' assertion that the WVCCPA claims are expressly preempted by federal law. The Complaint in this case clearly and concisely limits itself to allegations that the Defendants have violated the WVCCPA. The Defendants

9

point to no federal statute, rule, or regulation that allows them to violate the consumer protection laws of the State of West Virginia. In fact, state consumer protection laws are expressly protected. *See* 12 U.S.C. § 43. The OCC did not have authority to issue any regulation purporting to preempt a state consumer protection law without following a statutorily required notice procedure, including the requirement that the OCC publish "a description of each State law at issue" in the Federal Register. 12 U.S.C. § 43(a)(1). The procedure mandated by Congress in Section 43 was not followed when the OCC promulgated 12 C.F.R. § 37.1(c). *See Arevalo v. Bank of Am. Corp.*, No. 10-4959, 2011 U.S. Dist. LEXIS 34151, **42 (N.D. Cal. March 29, 2011). In fact, the version of the regulation published by the OCC specifically excluded the language relied upon by Defendants. *See DCC and DSA,* 66 Fed. Reg. 19901, at 19906, 2001 WL 384582 (April 18, 2001) (the proposed subsection (c) language published for comments said "not by part 14 of this chapter" rather than "not by part 14 of this chapter or by State law"). The Court rejects the Defendants' argument that the OCC was not required to follow 12 U.S.C. § 43 because preemption allegedly was grandfathered in by virtue of one federal case, *First Nat'l Bank of E. Ark. v. Taylor*, 907 F.2d 775, 780 (8th Cir. 1990). *Taylor* was an insurance case, not a consumer protection law case, and therefore it was not relevant to the protection that Congress accorded state consumer protection laws in 12 U.S.C. § 43.

14. In addition and independently, the regulation replied upon by Defendants states that the federal standards are "subject to appropriate consumer protections." 12 C.F.R. § 37.1(b). The Court finds that the WVCCPA provides such consumer protections.

15. This Court does not find that application of the WVCCPA to these Defendants, on the issues raised in the Complaints, would prevent, condition, or significantly interfere with the national banks' exercise of federally-authorized banking powers. Instead, a national bank, such

as the Defendants in this case, can exercise federally-authorized banking powers without committing the alleged conduct complained of by the Plaintiff in the Complaints under the articles of the WVCCPA at issue.

### 3) The Dodd-Frank Act Is a Clarification of the Existing Law.

16. The Defendants argue that the Dodd-Frank Act cannot be given what they characterize as a "retroactive" effect.

17. The Plaintiff replies that Congress in the Dodd-Frank Act codified the pre-existing jurisprudence. For example, Congress codified the 1996 Supreme Court decision in *Barnett Bank, supra,* as setting the preemption standard as conflict and not field preemption. *See* 12 U.S.C. § 25b(b)(1)(B), -(b)(4). Further, Congress codified *Cuomo, supra. See* 12 U.S.C. § 25b(i). Plaintiff notes that the case law prevailing in this jurisdiction had consistently rejected the overreaching of federal preemption that is promoted by Defendants here and that none of Defendants' authorities from other jurisdictions can be reconciled with Dodd-Frank's clarification and codification of the existing law.

18. The Court finds Defendants' arguments to be inconsistent with the Supreme Court cases codified by Congress in 12 U.S.C. § 25b and the controlling jurisprudence in this State. The Court agrees with federal courts in this State, which have found that Dodd-Frank is a clarification of existing law, as opposed to representing a substantive change thereto. *In re Moore*, 470 B.R. 391 (Bankr. S.D. W. Va. 2012); *see also Meluzio v. Capital One Bank (USA), N.A.*, 469 B.R. 250, 2012 U.S. Dist. LEXIS 33186, *12 (N.D. W. Va. 2012) (Dodd-Frank preemption amendments "'are better understood as clarifications of the law as opposed to substantive changes thereof,... and their application here does not work an impermissible retroactive effect.'") (quoting *Cline v. Bank of America*, 823 F. Supp. 2d 387, 2011 U.S. Dist. LEXIS 118337, *22; 2011 WL 4857934, *8 (S.D. W. Va. 2011)). Thus, application of the

11

Dodd–Frank Act "does not work an impermissible retroactive effect." *In re Moore, supra,* 470 B.R. at 395.

19. Therefore, for these reasons, and those apparent from the record, the Court does not find that the specific claims made in this Complaint are preempted by federal law. The clear weight of the law indicates that the portions of the WVCCPA at issue are laws of general applicability and that even a national bank, such as the Defendants in this case, must not violate said laws through their business practices, because said laws do not impede a national bank's ability to exercise its federally-authorized banking powers. For these reasons, and those apparent form the record, the Court hereby **FINDS** and **CONCLUDES** that federal law does not preempt any of the claims made by the Plaintiff in the Complaints and the Court hereby **DENIES** the motion to dismiss on this ground.

### B. THE COMPLAINTS MEET THE REQUIREMENTS OF WEST VIRGINIA RULES OF CIVIL PROCEDURE AS TO ALL DEFENDANTS.

20. Four Defendants assert that the Plaintiff's Complaints fail to provide adequate notice to them of the allegations or claims directed at them. These Defendants argue that they are holding companies that are not charged with any conduct at issue and, as such, should not have been lumped together with the national banks.

21. The Plaintiff replies to these arguments, stating that the Complaints state claims against these Defendants and set forth precise factual allegations regarding the relationship that these four companies have with their co-Defendants. Additionally, the Plaintiff cites authority in support of the argument that plaintiffs are not required to plead specific factual allegations against each Defendant individually. *See, e.g., West Virginia ex rel. McGraw v. Scott Runyan Pontiac-Buick,* 194 W. Va. 770, 775, 461 S.E.2d 516, 521 (1995); *Harless v. First Nat'l Bank,* 162 W. Va. 116, 127, 246 S.E.2d 270, 276-77 (1978).

22. The Court, having reviewed the Complaints, the arguments on these issues, and consulted relevant legal precedent, is of the opinion that the Complaint satisfies the requirements of Rule 8 of the West Virginia Rules of Civil Procedure. The West Virginia Supreme Court of Appeals has made clear that the allegations contained in a complaint are to consist of a short and plain statement of the claim showing that the pleader is entitled to relief, in order to place a defendant on notice as to the nature of the claim or claims asserted against them. *Bowers v. Wurzburg*, 205 W. Va. 450, 519 S.E.2d 148 (1999). The Complaints in the instant cases clearly put the Defendants on notice of the claims alleged and are therefore sufficient under Rule 8. Moreover, the contention that the individual defendants are unable to ascertain what they are accused of in the Complaints is unconvincing to this Court as the plaintiff's statement need only be "short and plain." *Id.* In the instant cases the Plaintiff has made detailed allegations under the WVCCPA and has clearly indicated in the Complaints what conduct the Defendants are alleged to have done to violate the WVCCPA. Therefore, the Court **FINDS** and **CONCLUDES** that the Motions to Dismiss on these grounds must be **DENIED** for these reasons and those apparent from the record.

## CONCLUSION

**WHEREFORE**, accordingly, as the Court must construe the Complaints in this matter in the light most favorable to the Plaintiff, the Court hereby **ORDERS** and **ADJUDGES** that sufficient allegations are presented in the Plaintiff's Complaints such that the *National Bank Defendants' Joint Motion to Dismiss*, for the reasons articulated above and apparent from the record, must be and hereby is **DENIED**.

It is further **ORDERED** that the Clerk of this Court shall send certified copies of this Order to all counsel of record.

Entered this __17__ day of ~~August~~ October 2012

_____
Honorable David W. Nibert, Judge
5th Judicial Circuit

FILED IN MY OFFICE
2012 OCT 17 AM 11:30
BILL ~~~
MASON CO ~~~

TRUE COPY TESTE _____
MASON COUNTY CIRCUIT CLERK