**GOODSILL ANDERSON QUINN & STIFEL**
A LIMITED LIABILITY LAW PARTNERSHIP LLP

THOMAS BENEDICT          5018-0
   *tbenedict@goodsill.com*
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

**COVINGTON & BURLING LLP**

ROBERT D. WICK *(Pro Hac Vice)*
   *rwick@cov.com*
EMILY JOHNSON HENN *(Pro Hac Vice)*
   *ehenn@cov.com*
ANDREW SOUKUP *(Pro Hac Vice)*
   *asoukup@cov.com*
1201 Pennsylvania Avenue, NW
Washington, D.C. 20004

Attorney for Defendants
JPMORGAN CHASE & CO. and
CHASE BANK USA, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII, *EX. REL.* DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>        Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE & CO., CHASE BANK USA, N.A. AND DOE | CIVIL NO. 12-00263 LEK-KSC<br>(Other Civil Action)<br><br>**DEFENDANTS' JOINT SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND AND FOR COSTS AND FEES FILED JUNE 15, 2012 [DOC. NO. 37]** |

4114957.1                          1                          **EXHIBIT 1**

| | |
|---|---|
| DEFENDANTS 1-20,<br><br>              Defendants. | *Hearing:* November 19, 2012<br>*Time:*     9:45 a.m.<br>*Judge:*    Hon. Leslie E. Kobayashi |
| STATE OF HAWAII, *EX. REL.* DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>              Plaintiff,<br><br>vs.<br><br>HSBC BANK NEVADA, N.A., HSBC CARD SERVICES, INC., and DOE DEFENDANTS 1-20,<br><br>              Defendants. | CIVIL NO. 12-00266 LEK-KSC<br>(Other Civil Action)<br><br>**DEFENDANTS' JOINT SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND AND FOR COSTS AND FEES FILED JUNE 15, 2012 [DOC. NO. 38]**<br><br>*Hearing:* November 19, 2012<br>*Time:*     9:45 a.m.<br>*Judge:*    Hon. Leslie E. Kobayashi |
| STATE OF HAWAII, *EX. REL.* DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>              Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK (USA) N.A., CAPITAL ONE SERVICES, LLC, and DOE DEFENDANTS 1-20,<br><br>              Defendants. | CIVIL NO. 12-00268 LEK-KSC<br>(Other Civil Action)<br><br>**DEFENDANTS' JOINT SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND AND FOR COSTS AND FEES FILED JUNE 15, 2012 [DOC. NO. 39]**<br><br>*Hearing:* November 19, 2012<br>*Time:*     9:45 a.m.<br>*Judge:*    Hon. Leslie E. Kobayashi |

| | |
|---|---|
| STATE OF HAWAII, *EX. REL.* DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>  Plaintiff,<br><br>vs.<br><br>DISCOVER FINANCIAL SERVICES, INC., DISCOVER BANK, DFS SERVICES, L.L.C., AMERICAN BANKERS MANAGEMENT COMPANY, INC., and DOE DEFENDANTS 1-20,<br><br>  Defendants. | CIVIL NO. 12-00269 LEK-KSC<br>(Other Civil Action)<br><br>**DEFENDANTS' JOINT SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND AND FOR COSTS AND FEES FILED JUNE 15, 2012 [DOC. NO. 40]**<br><br>*Hearing:* November 19, 2012<br>*Time:* 9:45 a.m.<br>*Judge:* Hon. Leslie E. Kobayashi |
| STATE OF HAWAII, *EX. REL.* DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>  Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A., and DOE DEFENDANTS 1-20,<br><br>  Defendants. | CIVIL NO. 12-00270 LEK-KSC<br>(Other Civil Action)<br><br>**DEFENDANTS' JOINT SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND AND FOR COSTS AND FEES FILED JUNE 15, 2012 [DOC. NO. 41]**<br><br>*Hearing:* November 19, 2012<br>*Time:* 9:45 a.m.<br>*Judge:* Hon. Leslie E. Kobayashi |

| | |
|---|---|
| STATE OF HAWAII, *EX. REL.* DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>            Plaintiff,<br><br>vs.<br><br>CITIGROUP INC., CITIBANK, N.A., DEPARTMENT STORES NATIONAL BANK, and DOE DEFENDANTS 1-20,<br><br>            Defendants. | CIVIL NO. 12-00271 LEK-KSC (Other Civil Action)<br><br>**DEFENDANTS' JOINT SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND AND FOR COSTS AND FEES FILED JUNE 15, 2012 [DOC. NO. 42]**<br><br>*Hearing:* *November 19, 2012*<br>*Time:* *9:45 a.m.*<br>*Judge:* *Hon. Leslie E. Kobayashi* |

DEFENDANTS' JOINT SUR-REPLY MEMORANDUM IN FURTHER
OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND AND FOR
COSTS AND FEES FILED JUNE 15, 2012 [DOC. NOS. 37-42]

Defendants CAPITAL ONE BANK (USA) NA ("COB") and CAPITAL ONE SERVICES, LLC, CITIGROUP, INC., CITIBANK, N.A. ("Citibank"), and DEPARTMENT STORES NATIONAL BANK; JPMORGAN CHASE & CO. and CHASE BANK USA, N.A. ("Chase"); DISCOVER FINANCIAL SERVICES, INC., DISCOVER BANK ("Discover"), and DFS SERVICES, LLC; BANK OF AMERICA CORP. and FIA CARD SERVICES, NA ("FIA"); and HSBC BANK NEVADA, N.A. ("HSBC") and HSBC CARD SERVICES, INC. submit this Joint Sur-Reply Memorandum in Further Opposition to Plaintiff's Motions to Remand and for Costs (Doc. Nos. 37-42). This sur-reply

addresses an argument the Attorney General raised for the first time in his reply brief.

## ARGUMENT

### I. THIS COURT MAY CONSIDER EXTRINSIC EVIDENCE TO DETERMINE WHETHER COMPLETE PREEMPTION EXISTS.

To support their complete preemption removal argument, defendants attached declarations to their Notices of Removal that explain how payment protection fees extend credit to consumers. *See, e.g.*, No. 12-cv-263, Doc. 1-10 (Chase); No. 12-cv-268, Doc. 1-1 (Capital One); No. 12-cv-270, Doc. 1-7 (FIA). The declarations help demonstrate why the fees charged for payment protection plans are "interest" under the National Bank Act, a necessary element of defendants' complete preemption argument. Plaintiffs argued for the first time in their reply brief that this Court may not consider these declarations in determining whether it has removal jurisdiction over these actions. (Reply Mem. at 16-17.) That argument is fundamentally mistaken.

When faced with a challenge to its subject matter jurisdiction, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Courts therefore routinely consider declarations in determining

whether they have original jurisdiction or removal jurisdiction over a civil action. *See, e.g., Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) ("Nor was it improper for the district court to consider the affidavits submitted by both parties; indeed, that is the correct procedure for jurisdictional challenges."); *Green v. United States*, 630 F.3d 1245, 1248 n.3 (2011) ("[P]roof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion."); *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000) ("The district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the [jurisdictional] issue, even if it becomes necessary to resolve factual disputes."); *Turner v. Hawaii First Inc.*, _ F. Supp. 2d _, 2012 WL 4903314, at *2 (D. Haw. Oct. 15, 2012) ("[T]he court may consider evidence outside the pleadings and should not presume that the allegations of the complaint are true.").

The cases cited by the Attorney General are not to the contrary; rather, those cases merely stand for the unremarkable proposition that under the well-pleaded complaint rule, a federal defense does not ordinarily give rise to federal question jurisdiction.[1] Nothing in those cases contradicts the separate principle

---

[1] Moreover, the well-pleaded complaint rule does not apply here because the complete preemption doctrine is an "exception" to that rule. *Beneficial Nat'l Bank of Anderson*, 539 U.S. 1, 5, 6 (2003); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000)

6

that a party may offer factual evidence to demonstrate the existence of federal jurisdiction where, as here, that evidence is offered "to clarify that a plaintiff's state law claim is one that would be [completely] preempted by federal law." *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007); *see also Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 468-69 (6th Cir. 2002) (examining deposition testimony to conclude that state-law claim was completely preempted by ERISA).

If the law were otherwise, the Attorney General could defeat an otherwise meritorious complete preemption removal argument merely by making false and erroneous factual allegations about whether defendants' payment protection plans extend credit to consumers. As demonstrated above, that is not the law. This Court can and should consider defendants' declarations in determining whether it has jurisdiction over this action.

## CONCLUSION

For these reasons and the reasons set forth in Defendants' opposition, the Motions to Remand should be denied.

---

("[A] plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.").

DATED: Honolulu, Hawai'i, November 14, 2012

/s/ Thomas Benedict
THOMAS BENEDICT
ROBERT D. WICK *(Pro Hac Vice)*
EMILY JOHNSON HENN
*(Pro Hac Vice)*
ANDREW SOUKUP *(Pro Hac Vice)*

Attorneys for Defendants
JPMORGAN CHASE & CO. AND
CHASE BANK USA, N.A.


/s/ Andrew L. Pepper
ANDREW L. PEPPER
MARGERY S. BRONSTER
JAMES F. MCCABE *(Pro Hac Vice)*
JAMES R. MCGUIRE *(Pro Hac Vice)*

Attorneys for Defendants
CAPITAL ONE BANK (USA), N.A.
AND CAPITAL ONE SERVICES, LLC

/s/ Michael Purpura
MICHAEL PURPURA
MICHAEL J. SCANLON
EDWARD SHERWIN *(Pro Hac Vice)*
ROBERT W. TRENCHARD *(Pro Hac Vice)*

Attorneys for Defendants
CITIGROUP INC., CITIBANK, N.A., AND DEPARTMENT STORES NATIONAL BANK


/s/ John P. Manaut
JOHN P. MANAUT
LINDSAY N. MCANEELEY
WILLIAM MATSUJIRO HARSTAD
JASON SUNG-HYUK YOO
JULIA B. STRICKLAND *(Pro Hac Vice)*

Attorneys for Defendants
DISCOVER FINANCIAL SERVICES, INC., DISCOVER BANK, AND DFS SERVICES, L.L.C.


/s/ Patricia J. McHenry
PATRICIA J. MCHENRY
WILLIAM K. SHULTZ
DAVID L. PERMUT *(Pro Hac Vice)*

Attorneys for Defendants
BANK OF AMERICA CORPORATION AND FIA CARD SERVICES, N.A.

/s/ Michael C. Bird
MICHAEL C. BIRD
SUMMER H.M. FERGERSTROM
TRACEY LYNN KUBOTA
JASON SUNG-HYUK YOO
DAVID W. MOON *(Pro Hac Vice)*
JULIA B. STRICKLAND *(Pro Hac Vice)*

Attorneys for Defendants
HSBC BANK NEVADA, N.A. AND
HSBC CARD SERVICES, INC.