IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII, ex rel. DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>      Plaintiff,<br><br>  vs.<br><br>JP MORGAN CHASE & CO., CHASE BANK USA, N.A., and DOE DEFENDANTS 1-20,,<br><br>      Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 12-00263 LEK-KSC |
| STATE OF HAWAII, ex rel. DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>      Plaintiff,<br><br>  vs.<br><br>HSBC BANK NEVADA, N.A., HSBC CARD SERVICES, INC., and DOE DEFENDANTS 1-20,<br><br>      Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 12-00266 LEK-KSC |
| STATE OF HAWAII, ex rel. DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>      Plaintiff,<br><br>  vs.<br><br>CAPITAL ONE BANK (USA), N.A. CAPITAL ONE SERVICES, LLC, and DOE DEFENDANTS 1-20,<br><br>      Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 12-00268 LEK-KSC |
| STATE OF HAWAII, ex rel. DAVID M. LOUIE, ATTORNEY GENERAL, | ) ) ) ) | CIVIL NO. 12-00269 LEK-KSC |

```
          Plaintiff,          )
                              )
     vs.                      )
                              )
DISCOVERY FINANCIAL SERVICES, )
INC., DISCOVER BANK, DFS      )
SERVICES, L.L.C., ASSURANT,   )
INC., and DOE DEFENDANTS 1-   )
20,                           )
                              )
          Defendants.         )
_____)
STATE OF HAWAII, ex rel.      )    CIVIL NO. 12-00270 LEK-KSC
DAVID M. LOUIE, ATTORNEY      )
GENERAL,                      )
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
BANK OF AMERICA CORPORATION,  )
FIA CARD SERVICES, N.A., and  )
DOE DEFENDANTS 1-20,          )
                              )
          Defendants.         )
_____)
STATE OF HAWAII, ex rel.      )    CIVIL NO. 12-00271 LEK-KSC
DAVID M. LOUIE, ATTORNEY      )
GENERAL,                      )
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
CITIGROUP INC., CITIBANK,     )
N.A., DEPARTMENT STORES       )
NATIONAL BANK, and DOE        )
DEFENDANTS 1-20,              )
                              )
          Defendants.         )
_____)
```

ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION OF QUESTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS

Before the Court is Plaintiff the State of Hawaii, ex rel. David M. Louis, Attorney General's (the "Attorney General")

Motion for Certification of Question for Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Motion to Stay Proceedings ("Motion"), filed on December 10, 2012.  On December 27, 2012, Defendants JP Morgan Chase & Co. and Chase Bank USA, N.A. filed a Joint Memorandum in Opposition on their behalf and on behalf of Defendants Capital One Bank (USA), N.A., Capital One Services, LLC, Citigroup Inc., Citibank, N.A., Department Stores National Bank, Discover Financial Services, Inc., Discover Bank, DFS Services, LLC, Bank of America Corp., FIA Card Services, N.A., HSBC Bank Nevada, N.A., and HSBC Card Services, Inc. (all collectively "Defendants").  The Attorney General filed his reply on January 4, 2013.

  The Motion came on for hearing on January 18, 2013. Appearing on behalf of the Attorney General were L. Richard Fried, Jr., Esq., Patrick F. McTernan, Esq., S. Ann Saucer, Esq., and Stephen H. Levins, Esq., and appearing on behalf of Defendants were Thomas Benedict, Esq., Sunny Lee, Esq., J. Mitchell Webber, Esq., Jason Sung-Hyuk Yoo, Esq., William Matsujiro Harstad, Esq., Kunio Kuwabe, Esq., William K. Shultz, Esq., Michael Purpura, Esq., and Michael J. Scanlon, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Attorney General's Motion is HEREBY GRANTED because the proposed appeal could materially affect the outcome of the instant litigation, and for the reasons set forth below.

## BACKGROUND

On April 12, 2012, the Attorney General filed the six Complaints in this action[1] in the Circuit Court of the First Circuit, State of Hawai`i ("State Court"). The six Complaints are substantively identical. They allege that Defendants have engaged in deceptive and predatory practices in marketing and selling ancillary credit card products to Hawai`i residents. Examples of such products include: payment protection plans, identity theft protection plans, and extended warranties. In particular, the Attorney General contends that Defendants have targeted particularly vulnerable consumers, including the elderly and persons with credit problems.

The Complaints allege the following claims: unfair or deceptive acts or practices ("UDAPs"), in violation of Haw. Rev. Stat. §§ 480-1 et seq. ("Count I"); violation of the UDAP laws, Haw. Rev. Stat. § 480-13.5, specifically addressing consumer fraud against elders ("Count II"); and unjust enrichment ("Count III"). The Complaints seek the following relief: an order enjoining Defendants from engaging in UDAPs; a judgment for

---

[1] The six cases are as follows: State of Hawaii, ex rel. Louie v. JP Morgan Chase & Co., et al., CV 12-00263 LEK-KSC ("CV 12-00263"); State of Hawaii, ex rel. Louie v. HSBC Bank Nevada, N.A., et al., CV 12-00266 LEK-KSC ("CV 12-00266"); State of Hawaii, ex rel. Louie v. Capital One Bank (USA) N.A., et al., CV 12-00268 LEK-KSC ("CV 12-00268"); State of Hawaii, ex rel. Louie v. Discover Financial Services, Inc., et al., CV 12-00269 LEK-KSC ("CV 12-00269"); State of Hawaii, ex rel. Louie v. Bank of America Corp., et al., CV 12-00270 LEK-KSC ("CV 12-00270"); State of Hawaii, ex rel. Louie v. CitiGroup Inc., et al., CV 12-00271 LEK-KSC ("CV 12-00271").

restitution and disgorgement of monies for all Hawai`i consumers injured by Defendants' acts as alleged in the Complaints; a declaratory judgment that Defendants violated Hawai`i law; civil penalties; attorneys' fees and costs; pre-judgment and post-judgment interest; and any other appropriate relief.

On May 17 and 18, 2012, the Defendants filed Notices of Removal and removed each of the six cases to this district court. The Defendants asserted federal jurisdiction based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and jurisdiction pursuant to 28 U.S.C. § 1331 based on the complete preemption doctrine.

On June 15, 2012, the Attorney General filed a Motion to Remand and for Costs and Fees in each of the six cases. The Removing Defendants opposed the Motion to Remand.

**I.   Remand Order**

On November 30, 2012, this Court issued its Order Denying Plaintiff's Motion to Remand and For Costs and Fees ("Remand Order"). 2012 WL 6019709. In the Remand Order, this Court concluded, *inter alia*, that removal was proper based on the complete preemption doctrine. The Court found that the payment protection plans and other ancillary products at issue in the lawsuits were debt cancellation contracts and/or debt suspension agreements, and that the fees assessed for the products were interest for purposes of the National Bank Act. Id. at *19-21. As such, the Court concluded that the claims asserted by the

Attorney General under state law are preempted and there is federal question jurisdiction, and thus denied the Attorney General's motions to remand. Id. at *22.

## II. The Attorney General's Motion

In the instant Motion, the Attorney General argues that an interlocutory appeal is appropriate in this case because the existence of federal jurisdiction is a threshold issue. The Attorney General further argues that there are unsettled questions of law in the case, including ( 1) whether the Court, in the Remand Order, applied the appropriate definition of "interest" for purposes of the National Bank Act, and (2) whether the Attorney General's allegations may be characterized as a usury claim even though the Attorney General did not expressly raise a state anti-usury claim in the Complaints. [Mem. in Supp. of Motion at 5.] Finally, the Attorney General argues that an interlocutory appeal would materially advance the ultimate termination of the litigation. If the Ninth Circuit holds that there is no removal jurisdiction, the ruling will terminate the case. [Id. at 16.]

## III. Defendants' Joint Memorandum in Opposition

In their Joint Memorandum in Opposition, Defendants argue that the Attorney General fails to meet the criteria for certification under 28 U.S.C. § 1292(b). Defendants contend that the issue of whether the payment protection fees are a form of "interest" under the National Bank Act is not a pure question of

law, but is rather a mixed question of law and fact that turns on the application of settled law to a factual record.  Defendants argue that the definition of "interest" in 12 C.F.R. § 7.4001 was upheld by the Supreme Court in Smiley v. Citibank (S.D.), N.D., 517 U.S. 735 (1996), and is thus not subject to dispute.  While the Attorney General may disagree with the Court's application of this standard, he does not disagree with the Court's articulation of the standard itself.  [Mem. In Opp. at 8-11.]  Similarly, Defendants argue that the Court's interpretation of the Complaints as making anti-usury claims is not a question of law.  [Id. at 16-17.]

Finally, Defendants argue that an interlocutory appeal will not materially advance the termination of this case because "certification of an immediate appeal is likely to freeze the progress of this litigation for a period of 15 to 32 months." [Id. at 21.]  Defendants further state that they are "on the cusp" of filing a preemption motion and that, should the Court grant the motion, the case would be dismissed in its entirety and the Attorney General would then be free to pursue his appeal to the Ninth Circuit.  [Id. at 22-23.]

Defendants therefore urge the Court to deny the Motion.

### IV.  The Attorney General's Reply

In his reply, the Attorney General argues that he has satisfied the requirements for an interlocutory appeal.  The Attorney General contends that the controlling questions of law

at issue, including the definition of "interest" for purposes of the National Bank Act, are not settled. The Attorney General emphasizes that the fact that the Remand Order contained an examination of the pleadings does not, in and of itself, disqualify it from certification. [Reply at 8 (citing Thompson v. Crane Company, et al., No. 11-00638 LEK, 2012 WL 2359950 (D. Haw., June 19, 2012)).] The Attorney General reiterates that the interlocutory appeal would materially advance the ultimate termination of this case. He therefore urges the Court to grant the Motion and stay the instant proceedings pending the outcome of the Ninth Circuit's review.

## **STANDARD**

The Attorney General seeks leave to file an interlocutory appeal from the Remand Order pursuant to 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(Emphasis in original.)

This district court has recently described the standard applicable to § 1292(b) as follows:

> A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."); Pac. Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." (citations omitted)). Indeed, § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)).

Leite v. Crane Co., Civil No. 11-00636 JMS/RLP, 2012 WL 1982535, at *2 (D. Hawai`i May 31, 2012).

## DISCUSSION

### I. Controlling Question of Law

To meet the requirement that the proposed interlocutory appeal raises a controlling question of law, the moving party must show "that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement, 673 F.2d at 1026 (citing U.S. Rubber Co., 359 F.2d at 785). Controlling questions of law include "determination[s] of who are necessary and proper parties, whether a court to which a cause has been transferred has

jurisdiction, or whether state or federal law should be applied." Id.

The Ninth Circuit has not expressly defined the term "question of law"; however, a number of other courts have stated that the term means a "pure question of law" rather than a mixed question of law and fact or the application of law to a particular set of facts. Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc., 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010) (collecting cases); see also McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) (stating that "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts"); Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 677 (7th Cir. 2000) ("The idea [behind § 1292] was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case."); Keystone Tobacco Co. v. U.S. Tobacco Co., 217 F.R.D. 235, 239 (D.D.C. 2003) (When "the crux of an issue decided by the court is fact-dependent, the court has not decided a 'controlling question of law' justifying immediate appeal.").

The Attorney General's proposed interlocutory appeal will challenge this Court's ruling that the complete preemption

doctrine preempts the Attorney General's claims asserted under state law because the fees assessed for the payment protection plans constitute interest for purposes of the National Bank Act, and the claims in the Complaint challenge the rate of interest charged by Defendants.  As this Court has previously stated, it is clear that the existence of federal jurisdiction is a threshold determination.  Thompson, 2012 WL 2359950 at *6.  See also, e.g., Doe v. Mann, 415 F.3d 1038, 1040 (9th Cir. 2005) ("As a threshold matter, we conclude that the federal court has jurisdiction under 28 U.S.C. § 1331[.]").  Here, as in Thompson, if the Ninth Circuit reverses this Court's ruling that federal jurisdiction exists, the Ninth Circuit will likely order the case remanded to the state court, terminating the action in this district court.  Thus, the outcome of the proposed interlocutory appeal "could materially affect the outcome of litigation in the district court."  See In re Cement, 673 F.2d at 1026 (citation omitted).

        As to whether the Attorney General's proposed interlocutory appeal presents questions of law, the Court acknowledges that the Remand Order addressed some factual issues, including the portions of the pleadings addressing the nature of the payment protection plans.  2012 WL 6019709, at *20-21.  Nevertheless, legal issues are at the heart of Plaintiff's proposed interlocutory appeal.  The Attorney General argues that the Court, in the Remand Order, misapplied the governing laws and

regulations when determining whether the payment protection plans constituted interest under the National Bank Act. Specifically, the Attorney General argues that this Court used a broader definition of "interest" than was articulated by the Supreme Court when interpreting the provisions of 12 C.F.R. 7.4001(a) in <u>Smiley v. Citibank (S.D.), N.A.</u>, 517 U.S. 735 741-42 (1996). Further, the Attorney General challenges this Court's reading of the standard articulated in <u>Beneficial National Bank v. Anderson</u>, 539 U.S. 1 (2003), arguing that it is an open legal question whether a complaint that does not expressly raise a state usury claim must nevertheless be preempted under 12 U.S.C. §§ 85 and 86 of the National Bank Act as if it had raised such a claim. Both the issue of the appropriate definition of "interest" and the applicability of preemption to complaints not specifically alleging state usury claims are questions of law.

As such, this Court therefore finds that the Attorney General's proposed interlocutory appeal presents controlling questions of law.

## II. **Substantial Ground for a Difference of Opinion**

The second requirement the Attorney General must meet in order for this Court to grant leave to file an interlocutory appeal is that there must be substantial ground for a difference of opinion regarding the controlling question of law. As to this requirement, the Ninth Circuit has stated:

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b),

>courts must examine to what extent the controlling law is unclear.  Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."  3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted).  However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal."  Id. (footnotes omitted).

Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

Defendants argue that there is no substantial ground for a difference of opinion regarding the issues that the Attorney General would raise in the interlocutory appeal because the Attorney General merely disagrees with this Court's application of the undisputed controlling law to the particular facts of this case, and does not challenge what the controlling legal standard is.  Quite to the contrary, however, as discussed above, the Attorney General's proposed interlocutory appeal would raise a number of legal issues, including the proper interpretation of the definition of "interest" for purpose of the National Bank Act, as well as the applicability of 12 U.S.C. §§ 85 and 86 of the National Bank Act to a complaint that does not expressly allege a state usury claim.

Further, as the Attorney General has demonstrated, other courts have reached conclusions different from this Court's

on the issue of the proper definition of "interest" under the National Bank Act.  See West Virginia ex rel. McGraw v. JPMorgan Chase & Co., 842 F. Supp. 2d 984, 990-991 (S.D. W. Va. Feb. 10, 2012) (analyzing the applicable regulations regarding the definition of "interest" under the National Bank Act and finding that payment protection plans are not "interest", as they are a charge "specifically assigned" for a service separate from the provision or extension of credit).  Other courts have also declined to find complete preemption where a plaintiff's complaint fails to expressly allege a state law usury claim.  See Cross-County Bank v. Klussman, CV No. 01-4190-SC, 2004 WL 966289 at *5-6 (N.D. Cal. 2004) (finding no complete preemption where plaintiff's complaint contained no usury claim, but rather challenged defendants' assessment of interest on charges allegedly assigned in bad faith); Hunter v. Beneficial Nat'l Bank USA, 947 F. Supp. 446, 452 (M.D. Ala. 1996) (finding no complete preemption where the plaintiff's state law claims were based on allegations that the way interest was assessed was fraudulent).

In sum, there are legal issues that are neither easy to decide nor well-settled, and this Court therefore finds that there is substantial ground for a difference of opinion regarding the questions of law that the Attorney General will raise in the interlocutory appeal.

### III. <u>Materially Advance the Termination of the Litigation</u>

As to the third requirement that a proposed interlocutory appeal materially advance the ultimate termination of the litigation, the district court in <u>Leite</u> stated:

> The requirement that an interlocutory appeal materially advance the ultimate termination of the litigation is directed to the very purpose of § 1292(b)—to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." <u>United States v. Adam Bros. Farming, Inc.</u>, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004); <u>see also</u> <u>In re Cement Antitrust Litig.</u>, 673 F.2d at 1026 (stating that § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").
>
> And most critical here, an interlocutory appeal is appropriate where resolution of the issue would materially advance the termination of not only the present case, but also other cases pending before the court. See <u>Klinghoffer v. S.N.C. Achille Lauro</u>, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court."); <u>Triax Co. v. United States</u>, 20 Cl. Ct. 507, 514 (1990) (determining that an interlocutory appeal would materially advance the litigation because reversal of the trial court would resolve the case and a large number of other cases); <u>see, e.g.</u>, <u>Al Maqaleh v. Gates</u>, 620 F. Supp. 2d 51, 55 (D.D.C. 2009) ("[I]nterlocutory appeal is warranted where the jurisdictional determination will impact numerous cases."); <u>In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.</u>, 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) (stating that courts consider, in part, whether the certified issue has precedential value for a large number of cases); <u>Krangel v. Crown</u>, 791 F. Supp. 1436, 1449 (S.D. Cal. 1992) ("Certification for appeal may also materially advance the conclusion of other cases involving this same

legal issue.").

2012 WL 1982535, at *6-7 (alterations in Leite).

As stated previously, it is clear that the Attorney General's proposed interlocutory appeal may facilitate the disposition of this action. Were this Court to deny the Motion, and the case proceed to summary judgment or trial, the district court and the parties will have unnecessarily wasted significant time and resources if the Ninth Circuit ultimately determined on appeal that federal jurisdiction did not exist. This Court therefore finds that the Attorney General's proposed interlocutory appeal may materially advance the termination of the litigation.

Having found that the Attorney General has established all of the requirements necessary for an interlocutory appeal, this Court FINDS that the Attorney General should be allowed to file the proposed interlocutory appeal.

Because the outcome of the interlocutory appeal will ultimately determine whether federal jurisdiction exists in this case, the Court further GRANTS the Attorney General's Motion for a stay of the instant proceedings pending the outcome of the Ninth Circuit's review.

## CONCLUSION

On the basis of the foregoing, the Attorney General's Motion for Certification of Question for Interlocutory Appeal under 28 U.S.C. December 10, 2012, is HEREBY GRANTED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, January 29, 2013.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STATE OF HAWAII, ET AL. V. JP MORGAN CHASE & CO., ET AL; ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION OF QUESTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS**